UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARILYN COLLINS, et al., | DECLARATION OF GIDEON ORION OLIVER IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |
| Plaintiffs, | |
| -v- | |
| THE CITY OF NEW YORK, et al., | |
| Defendants. | Index No. 14 CV 8815 (AJN)(BCM) |

### DECLARATION OF GIDEON ORION OLIVER

Gideon Orion Oliver, an attorney duly admitted to practice before this Court, hereby declares pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1.  I am an attorney of record for Plaintiffs MARILYN COLLINS, JENNY HEINZ, ELIZABETH LAPENNE, EMILOU MACLEAN, ANN SHIRAZI, ASYA WEISENHAUS, and CHLOE WEISENHAUS.

2.  I make this Declaration in Opposition to Defendants' Motion for Summary Judgment. The styles of referring to documents annexed hereto are adopted throughout Plaintiffs' papers opposing Defendants' summary judgment motion.

3.  I represented Plaintiffs ASYA WEISENHAUS and CHLOE WEISENHAUS in connection with the criminal proceedings at issue in this matter. On November 20, 2012, both Weisenhaus sisters accepted Adjournments in Contemplation of Dismissal ("ACD"s) to resolve those cases.

4.  Sara Feinberg, Esq. represented Plaintiff Emilou MacLean in connection with the criminal proceedings at issue in this matter. Upon information and belief, the basis of which is conversations I had with Ms. MacLean and Ms. Feinberg, the case against Ms. McLean was dismissed on November 14, 2012 on the motion of the Office of the District

Attorney on the grounds that the prosecution could not prove the case beyond a reasonable doubt.

## THE *MEDIAVILLA* AND *WILES* MATTERS

5. Summary judgment motions have been granted to Defendants in two distinguishable cases that arise from arrests made at around the same location as Plaintiffs'.

6. In *Mediavilla v. City of New York, et al.,* 14-cv-08624 (VSB), on September 29, 2016, the Court granted Defendants summary judgment. (*See Mediavilla* Dkt. No. 91 (the "*Mediavilla* Decision").

7. The *Mediavilla* Plaintiff moved for reconsideration and that motion has been fully briefed as of November 4, 2016. *See Mediavilla* Dkt. Nos. 93-97.

8. In *Wiles v. City of New York, et al.,* 13-cv-2898 (TPG), on October 25, 2016, the Court granted Defendants' motion for summary judgment (*Wiles* Dkt. No. 161, 2016 WL 6238609).

9. The *Wiles* Plaintiff has filed a timely Notice of Appeal. (*Wiles* Dkt. No. 163).

## PLAINTIFFS HEREBY ABANDON AND/OR LIMIT CERTAIN CLAIMS

10. Plaintiffs never served Lt. William Cooke and hereby abandon and consent to dismissal of their claims against him.

11. All Plaintiffs hereby abandon and consent to dismissal of the malicious abuse of process, selective enforcement, and municipal liability claims in the operative pleading.

12. Only Plaintiff Shirazi is pursuing an excessive force claim, and Plaintiff Shirazi is only pursuing that claim against Defendant Louie. Plaintiffs consent to dismissal of all other excessive force-based claims in the operative pleading.

13. Plaintiff LaPenne, who was not prosecuted by the Office of the District Attorney of New York County ("DANY"), consents to dismissal of her malicious prosecution claim.

14. Plaintiffs seek redress for Defendants' violations of their rights protected under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, raising time/place/manner challenges to the Defendants' restrictions on Plaintiffs' First Amendment-protected conduct as well as First Amendment claims sounding in a retaliation theory, false arrest, excessive force, malicious prosecution, and violation of fair trial rights claims.

## PLAINTIFFS' DEPOSITION TRANSCRIPTS

15. Attached as Exhibit 1 is a true copy of excerpts of the deposition transcript of Plaintiff Marilyn Collins (the "Collins Dep.)"

16. Attached as Exhibit 2 is a true copy of excerpts of the deposition transcript of Plaintiff Jenny Heinz (the "Heinz Dep.")

17. Attached as Exhibit 3 is a true copy of excerpts of the deposition transcript of Plaintiff Elizabeth LaPenne (the "LaPenne Dep.")

18. Attached as Exhibit 4 is a true copy of excerpts of the deposition transcript of Plaintiff Emilou MacLean (the "MacLean Dep.")

19. Attached as Exhibit 5 is a true copy of excerpts of the deposition transcript of Plaintiff Ann Shirazi (the "Shirazi Dep.")

20. Attached as Exhibit 6 is a true copy of excerpts of the deposition transcript of Plaintiff Asya Weisenhaus (the "Weisenhaus, A. Dep.").

21. Attached as Exhibit 7 is a true copy of excerpts of the deposition transcript of Plaintiff Chloe Weisenhaus (the "Weisenhaus, C. Dep.").

**PHOTOGRAPHS**

22.     Attached collectively as Exhibit 8 are true copies of photographs disclosed during discovery designated as "LETZ - IMG_1299" and "LETZ - IMG_1303", which generally depict numerous Defendant officers and other NYPD officers standing in the bicycle lane and roadway in front of 60 Centre Street, prior to any Plaintiff's arrest.

23.     Attached collectively as Exhibit 9 are true copies of photographs disclosed during discovery designated as "WEISENHAUS - DSC_0331" and "WEISENHAUS - DSC_0332" taken by the Weisenhaus Plaintiffs' sister, which generally depict the Weisenhaus Plaintiffs being placed under arrest within a few seconds of their arrests.

24.     Attached as Exhibit 10 is a true copy of a photograph disclosed during discovery designated as "UntitledMARILYN", which generally depicts Plaintiff Collins being placed under arrest.

25.     Attached collectively as Exhibit 11 are true copies of photographs disclosed during discovery designated as "FRADKIN - OWS_Nov5_2011__77*" through "FRADKIN - OWS_Nov5_2011__81*", which generally depict the arrests of Plaintiffs Collins and LaPenne.

26.     Attached collectively as Exhibit 12 are true copies of photographs disclosed during discovery designated as "FRADKIN - OWS_Nov5_2011__83*" and "FRADKIN - OWS_Nov5_2011__84*", which generally depict Plaintiff Collins just after having been placed under arrest.

27.     Attached as Exhibit 13 is a true copy of a photograph disclosed during discovery designated as "LETZ - IMG_1387", which generally depicts Plaintiff Collins shortly after her arrest.

28. Attached collectively as Exhibit 14 are true copies of photographs disclosed during discovery designated as "FRADKIN - OWS_Nov5_2011__110*" through "FRADKIN - OWS_Nov5_2011__117*", which generally depict Plaintiff MacLean being placed under arrest.

29. Attached collectively as Exhibit 15 are true copies of photographs disclosed during discovery designated as "1320537391014" and "1320537403583", which generally depict Plaintiff Shirazi being placed under arrest.

30. Attached collectively as Exhibit 16 are true copies of photographs disclosed during discovery that generally depict Plaintiff Shirazi's injured hand/wrist area.

**DEFENDANTS' AND THIRD PARTIES' DEPOSITION TRANSCRIPTS**

31. Attached as Exhibit 17 is a true copy of excerpts of the deposition transcript of Defendant Steven Anger (the "Anger Dep.")

32. Attached as Exhibit 18 is a true copy of excerpts of the deposition transcript of Defendant Deputy Chief Steven Anger taken in the case of *Wiles v. City of New York*, 13cv2898 (VSB) (the "Anger *Wiles* Dep.")

33. Attached as Exhibit 19 is a true copy of excerpts of the deposition transcript of Defendant Lieutenant Michael Zielinksi (the "Zielinski Dep.")

34. Attached as Exhibit 20 is a true copy of excerpts of the deposition transcript of Defendant Lieutenant Michael Zielienski taken in *Wiles v. City of New York*, 13cv2898 (VSB) (the "Zielinski *Wiles* Dep.")

35. Attached as Exhibit 21 is a true copy of excerpts of the deposition transcript of Defendant Officer Francisco Delgado (the "Delgado Dep.")

36. Attached as Exhibit 22 is a true copy of excerpts of the deposition transcript of Defendant Officer Cheung Li (the "Li Dep.")

37. Attached as Exhibit 23 is a true copy of excerpts of the deposition transcript of Defendant Officer James Louie (the "Louie Dep.")

38. Attached as Exhibit 24 is a true copy of excerpts of the deposition transcript of Defendant Officer Thameshwar Sharma (the "Sharma Dep.").

39. Attached as Exhibit 25 is a true copy of excerpts of the deposition transcript of Defendant Officer Nikim Walker (the "Walker Dep.")

40. Attached as Exhibit 26 is a true copy of excerpts of the deposition transcript of non-party NYPD Deputy Inspector Anthony Raganelli (the "Raganelli Dep.").

41. Attached as Exhibit 27 is a true copy of excerpts of the deposition transcript of non-party NYPD Officer John McNamara (the "McNamara Dep.")

42. Attached as Exhibit 28 is a true copy of excerpts of the deposition transcript of NYPD Officer John McNamara in *Wiles v. City of New York*, 13cv2898 (VSB) (the "McNamara *Wiles* Dep.")

43. Attached as Exhibit 29 is a true copy of excerpts of the deposition transcript of non-party NYPD Officer Anthony Ciaramitaro (the "Ciaramitaro Dep.")

**DEFENDANTS' ONLINE BOOKING SHEET ("OLBS") REPORTS**

44. Attached as Exhibit 30 is a true copy of the OLBS Report regarding Plaintiff Collins' arrest, created by Officer Ciarmitaro (the "Collins OLBS").

45. Attached as Exhibit 31 is a true copy of the OLBS Report regarding Plaintiff Heinz's arrest, created by Defendant Delgado (the "Heinz OLBS").

46. Attached as Exhibit 32 is a true copy of the OLBS Report regarding Plaintiff LaPenne's arrest, created by Officer Ciaramitaro (the "LaPenne OLBS").

47. Attached as Exhibit 33 is a true copy of the OLBS Report regarding Plaintiff MacLean's arrest, created by Defendant Delgado (the "MacLean OLBS").

6

48. Attached as Exhibit 34 is a true copy of the OLBS Report regarding Plaintiff Shirazi's arrest, created by Defendant Louie (the "Shirazi OLBS").

49. Attached as Exhibit 35 is a true copy of the OLBS Report regarding Plaintiff A. Weisenhaus; arrest, created by Defendant Li (the "A. Weisenhaus OLBS").

### DESK APPEARANCE TICKETS ("DAT"S) CREATED BY DEFENDANTS

50. Attached as Exhibit 36 is a true copy of the DAT given to Plaintiff Collins (the "Collins DAT").

51. Attached as Exhibit 37 is a true copy of the DAT given by Defendant given to Plaintiff Heinz (the "Heinz DAT").

52. Attached as Exhibit 38 is a true copy of the DAT given to Plaintiff LaPenne (the "LaPenne DAT").

53. Attached as Exhibit 39 is a true copy of the DAT given to Plaintiff MacLean (the "MacLean DAT").

54. Attached as Exhibit 40 is a true copy of the DAT given to Plaintiff Shirazi (the "Shirazi DAT").

55. Attached as Exhibit 41 is a true copy of the DAT given to Plaintiff Asya Weisenhaus (the "A. Weisenhaus DAT").

56. Attached as Exhibit 42 is a true copy of the DAT given to Plaintiff Chloe Weisenhaus (the "C. Weisenhaus DAT").

### DA DATA SHEETS

57. Attached as Exhibit 43 is a true copy of the DA Data Sheet for Plaintiff Marilyn Collins (the "Collins DA Datasheet").

58. Attached as Exhibit 44 is a true copy of the DA Data Sheet for Plaintiff Jenny Heinz (the "Heinz DA Datasheet").

59. Attached as Exhibit 45 is a true copy of the DA Data Sheet for Plaintiff Emilou MacLean (the "MacLean DA Datasheet").

60. Attached as Exhibit 46 is a true copy of the DA Data Sheet for Plaintiff Ann Shirazi (the "Shirazi DA Datasheet").

61. Attached as Exhibit 47 is a true copy of the DA Data Sheet for Plaintiff Asya Weisenhaus (the "A. Weisenhaus DA Datasheet").

## ACCUSATORY INSTRUMENTS SWORN OUT BY DEFENDANTS

62. Attached as Exhibit 48 is a true copy of the Accusatory Instrument initiating the prosecution of Plaintiff Collins (the "Collins AI").

63. Attached as Exhibit 49 is a true copy of the Accusatory Instrument initiating the prosecution of Plaintiff Heinz (the "Heinz AI").

64. Attached as Exhibit 50 is a true copy of the Accusatory Instrument initiating the prosecution of Plaintiff MacLean (the "MacLean AI").

65. Attached as Exhibit 51 is a true copy of the Accusatory Instrument initiating the prosecution of Plaintiff Shirazi (the "Shirazi AI").

66. Attached as Exhibit 52 is a true copy of the Accusatory Instrument initiating the prosecution of Plaintiff Asya Weisenhaus (the "A. Weisenhaus AI").

67. Attached as Exhibit 53 is a true copy of the Accusatory Instrument initiating the prosecution of Plaintiff Chloe Weisenhaus (the "C. Weisenhaus AI").

68. Attached as Exhibit 54 is a true copy of DANY's Declination of Prosecution form related to Plaintiff LaPenne's arrest, dated January 9, 2012 (the "LaPenne DP").

## OTHER DOCUMENTS REGARDING THE INCIDENT AND PLAINTIFFS' PROSECUTIONS

69. Attached as Exhibit 55 is a true copy of the NYPD's "Unusual Occurrence Report" regarding the November 5, 2011 incident in connection with which Plaintiffs were arrested, which reflects that 16 arrests were made at Foley Square.

70. Attached collectively as Exhibit 56 are true copies of the Office of Court Administration ("OCA") Court Action Sheets regarding each Plaintiff's criminal prosecution (referred to as "Collins Court Action Sheet", "Heinz Court Action Sheet", etc.)

71. Attached as Exhibit 57 are true copies of relevant pages from the NYC Criminal Court Decision dismissing the PL 240.20(5) charge against Plaintiff Collins as facially insufficient 18, 2012  (the "Collins Decision").

72. Attached as Exhibit 58 is a true copy of relevant pages from the NYC Criminal Court Decision dismissing the PL 240.20(5) charge against Plaintiff Shirazi as facially insufficient (the "Heinz Decision").

73. **EXHIBIT 59 IS INTENTIONALLY OMITTED.**

74. Attached as Exhibit 60 is a true copy of a document reflecting Plaintiff Heinz's lost wages as a result of the need to attend court appearances related to her prosecution, reflecting that Ms. Heinz lost $4,285 in wages.

75. Attached as Exhibit 61 is a true copy of the Accusatory Instrument sworn out by Defendant Zielinski against Joshua Wiles.

76. Attached as Exhibit 62 is a true copy of the Accusatory Instrument sworn out by NYPD Officer McNamara against a male non-party whom he caused to be charged with Inciting to Riot and Obstruction of Governmental Administration in the Second Degree based on his allegedly having "repeatedly shout[ed]" the words "TAKE THE STEPS" thereby inciting others to push up against mesh barrier netting.

**NYPD POLICY AND TRAINING MATERIALS**

77. Attached as Exhibit 63 is a true copy of a document disclosed by Defendants in this litigation as D1453-D1454 containing NYPD training materials from the NYPD Police Student's Guide for Maintaining Public Order, **which is omitted from the public filing because Defendants have disclosed the document as CONFIDENTIAL under the so-called 1983 Plan Protective Order.**

78. Attached as Exhibit 64 is a true copy of excerpts from the provision of the NYPD's Patrol Guide provision, "PG 208-03" (governing Arrests – General Processing) that was in effect on November 5, 2011, which includes the NYPD's policies about "OBSERVERS AT THE SCENE OF POLICE INCIDENTS".

79. In 1977, the NYPD entered into a Stipulation and Order in *Black v. Codd*, 73 Civ. 5283 (JMC) (SDNY, June 1, 1977), a copy of which is attached as Exhibit 65.

80. The Stipulation and Order states:

[I]t is the policy of the New York City Police Department and the defendants that when a person (or persons) is detained, stopped or arrested in public areas, a person or persons not involved in the conduct of which the first person is stopped or arrested may remain in the vicinity of the stop or arrest as an onlooker or onlookers, subject to the safety of the person stopped, the third persons, the general public, and officers of the Police Department, and to provisions of law e.g. P.L. § 195.05.

81. The Stipulation and Order defines an "onlooker" as a "person remaining in the vicinity of a stop or arrest" and states that onlookers "shall not be subject to arrest for violation of Penal Law § 195.05 unless the officer has probable cause to believe a violation of § 195.05 exists."

82. It further states that "[t]aking photographs" and "[r]emaining in the vicinity of the stop or arrest" explicitly do not "constitute[] probable cause for arrest or detention of an onlooker unless safety of officers or other persons is directly endangered or the officer reasonably believes they are endangered or the law is otherwise violated."

10

83. The Stipulation and Order has historically been ignored. *See, e.g., Tonge v. Kelly*, 19993 WL 16121 (EDNY, 1993) ("the City failed for ten years to maintain the formal guidelines to which it had agreed and to inform its police recruits and officers in its Patrol Guide of the standards established in the *Codd* consent order").

84. Attached as Exhibit 66 is a true copy of excerpts from the provision of the NYPD's Patrol Guide provision, "PG 208-11" (Policing Special Events/Crowd Control), that was in effect on November 5, 2011.

85. Under PG 208-11, the Incident Commander at a demonstration or Special Event is "[t]he highest ranking uniformed police supervisor responsible for the command, control and coordination of all incident operations."

86. According to PG 208-11,

> The Demonstration Observer Program established in cooperation with the Bar Association, City of New York permits properly identified observers free access through police lines at the scene of any demonstration. Observers will display prominently, on their outermost garment, a photo identification and a green armband bearing the inscription "Civilian Observer". All members of the service will extend every courtesy and cooperation to observers. Observers shall be permitted to remain in any area, or observe any police activity, subject only to restrictions necessitated by personal safety factors, as determined by the incident commander.

**UNITED STATES DEPARTMENT OF JUSTICE MATERIALS REGARDING THE RIGHTS OF BYSTANDERS AND OBSERVERS**

87. Attached as Exhibit 67 is a true copy of the Statement of Interest of the United States dated January 10, 2012, ECF No. 24 in *Sharp v. Baltimore City Police Dept.*, Civil No. 1:11-cv-02888-BEL (D.Md.) (the "*Sharp* SOI").

88. Attached as Exhibit 68 is a true copy of the May 12, 2012 letter filed by United States Department of Justice – Civil Rights Division – Special Litigation Section in *Sharp* (the "*Sharp* Letter").

11

89. Attached as Exhibit 69 is a true copy of the Statement of Interest of the United States dated March 4, 2013, ECF No. 15 in *Garcia v. Montgomery County, Maryland, et al.*, 8:13-cv-03592-JFM (D. Md.) (the "*Garcia* SOI").

## OTHER DOCUMENTS

90. Attached as Exhibit 70 is a true copy of the transcript of a March 5, 2015 Decision of Hon. Robert Mandelbaum rendered in the Criminal Court of the City of New York, in which the Court dismissed Disorderly Conduct charges against climate change protesters who had blocked vehicular traffic and disobeyed repeated dispersal orders on First Amendment grounds (the "Mandelbaum Decision").

91. Attached as Exhibit 71 is a true copy of February 13, 2017 Memorandum and Order in *Benjamin Case, et al. v. City of New York, et al.*, 14-cv-09148 (AT)(RLE) (Dkt. No. 72).

92. In a June 24, 2016 letter from defense counsel responding to Plaintiffs' requests made on the record during the Anger Deposition that Defendants identify by video name and timestamp which video Joshua Wiles can be heard shouting "Take the steps" and inciting a riot, defense counsel said: "Chief anger testified fully regarding this matter at his deposition."

DATED:    Brooklyn, New York
          February 13, 2017

/S/
_____
Gideon Orion Oliver
Attorney for Plaintiffs
277 Broadway, Suite 1501
New York, NY  10007
646-263-3495