UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



Marilyn Collins, et al.,

          Plaintiffs,

–v–

The City of New York, et al.,

          Defendants.

14-CV-08815 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

Plaintiffs bring claims under 42 U.S.C. § 1983 alleging violations of their constitutional rights against Defendants, who are officers with the New York City Police Department and the City of New York. Defendants moved for summary judgment on all claims, and the Court granted Defendants summary judgment in full except for the claim by Plaintiffs Shirazi and Weisenhaus[1] that Defendants Louie and Li deprived them of a right to a fair trial by fabricating evidence. Memorandum Opinion and Order ("Order"), Dkt. No. 110 at 38. Defendants have now moved for reconsideration of the Court's decision to allow the two Plaintiffs' fair trial claims to proceed. Dkt. No. 122. The Court denies Defendants' motion.

### I. Legal Standard

"A motion for reconsideration should be granted only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted). This

---

[1] As summary judgment was granted on co-plaintiff C. Weisenhaus' claims, the Court will refer to A. Weisenhaus simply as "Weisenhaus."

standard is stringent since "reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Seoul Viosys Co., Ltd. v. P3 Int'l Corp.*, 16-CV-6276 (AJN), 2018 WL 401511, at *2 (S.D.N.Y. Jan. 12, 2018) (internal quotation marks and citations omitted).

**II. Discussion**

The Court assumes the parties' familiarity with the background of the case, as detailed in the Court's Order. Order at 1-9. Plaintiffs Shirazi and Weisenhaus were arrested during Occupy Wall Street protests and were charged with disorderly conduct under New York Penal Law §§ 240.20(5) and 240.20(6). Order at 8. The charges against Plaintiffs Shirazi were eventually dismissed on speedy trial grounds, while Plaintiff Weisenhaus accepted an adjournment in contemplation of dismissal. *See* Order at 9.

The elements of a denial of the right to a fair trial claim are: "an (1) investigating official (2) fabricates information (3) that is likely to influence a jury's verdict, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of life, liberty, or property as a result." *Garnett v. Undercover Officer C0039*, 838 F.3d 265, 279 (2d Cir. 2016) (internal quotation marks omitted). In the Court's Order, it concluded based on inconsistencies in the officer's testimony and some contradicting testimony from Weisenhaus that Plaintiffs had put forth sufficient evidence to raise a genuine issue of material fact on their denial of a fair trial claim. Order at 30-31, 35-37.

Defendants advance several arguments that the Court should reconsider its Order: (1) that even if evidence against Shirazi and Weisenhaus had been fabricated, they could not show the evidence *caused* any further deprivation of their liberty; (2) that the allegedly fabricated evidence was not sufficiently material to be "likely to influence a jury's decision"; and (3) that Defendants

2

are entitled to qualified immunity because no reasonable jury could conclude that the Defendants knowingly fabricated evidence. The Court addresses each argument in turn.

### A. Plaintiffs Have Shown a Genuine Dispute of Material Fact as to Causation

Defendants argue that a recent Second Circuit summary order, *Caravalho v. City of New York*, 732 F. App'x 18, 24 (2d Cir. 2018), decided after this Court's decision on summary judgment, warrants reconsideration of the Court's conclusion on the fifth element of a fair trial claim, causation.

In *Caravalho*, the Second Circuit found that plaintiffs who were arrested on two separate charges—only one of which was allegedly based on fabricated evidence—had failed to show that their post-arrest detention was caused by the allegedly fabricated evidence, defeating their fair trial claim. *Caravalho*, 732 F. App'x 18 at 24. Defendants argue that under the causation analysis in *Caravalho* the Court's order should be reconsidered. Defendants are, of course, incorrect that the summary order in *Caravalho* represents a new "controlling decision[.]" Dkt. No. 126 at 2. But this Court accords *Caravalho* the considerable persuasive authority it is due. *See LaSala v. Bank of Cyprus Pub. Co.*, 510 F. Supp. 2d 246, 274 n.10 (S.D.N.Y. 2007) (finding "the opinion of a distinguished Second Circuit panel highly persuasive . . . and eminently predictive of how the Court would in fact decide a future case such as this one" (quoting *Harris v. United Fed'n Teachers, New York City Local 2*, 02-CV-3257, 2002 WL 1880391, at *1 n. 2 (S.D.N.Y. Aug.14, 2002))). The Court therefore turns to whether *Caravalho* warrants reconsideration of the Court's order.

The general rule, which *Caravalho* left unaltered, is that probable cause for an arrest or a prosecution are not complete defenses to a denial of a fair trial claim. If an arrest or prosecution were supported by probable cause, a plaintiff can still prevail on a fair trial claim if fabricated evidence causes some "further deprivation." *Ganek v. Leibowitz*, 874 F.3d 73, 91 (2d Cir. 2017)

3

(quoting *Garnett*, 838 F.3d at 277); *Hoyos v. City of New York*, 650 F. App'x 801, 803 (2d Cir. 2016) ("[T]he district court's statement that independent probable cause rules out the possibility that fabricated evidence proximately caused the deprivations stemming from his prosecution is not, as a general matter, correct."). The fabricated evidence need not be the *only* cause of the deprivation of liberty, *Garnett*, 838 F.3d at 277, but it must proximately cause the deprivation, *Hoyos*, 650 F. App'x at 803. Thus, an "officer is liable if the resulting deprivation of liberty is not 'too remote a consequence' of the act creating the false information." *Dowling v. City of New York*, No. 11-CV-4954 (NGG), 2013 WL 5502867, at *6 (E.D.N.Y. Sept. 30, 2013) (quoting *Powers v. Coe*, 728 F.2d 97, 105–06 (1984)). As to what qualifies as a further deprivation, "the prosecutor's decision to pursue charges rather than to dismiss the complaint without further action" can constitute such a further deprivation since it "may depend on the prosecutor's . . . assessment[] of the strength of the case, which in turn may be critically influenced by fabricated evidence." *Garnett*, 838 F.3d at 277. Other examples of further deprivations include "the number of court appearances a plaintiff made post-arraignment, constraints such as bail requirements, a period of incarceration or travel restrictions." *Hanson v. New York City*, No. 15-CV-1447 (MKB), 2018 WL 1513632, at *17 (E.D.N.Y. Mar. 27, 2018); *see also Singer v. Fulton Cty. Sheriff*, 63 F.3d 110, 117 (2d Cir. 1995).

Defendants argue that under *Caravalho*, even if evidence that formed the basis of Plaintiffs' charges under § 240.20(5) were fabricated, Plaintiffs could not show that this fabrication caused them any further liberty deprivation because they would still have been arrested, prosecuted, and required to appear in court under § 240.20(6). Yet contrary to Defendants' contention, Dkt. No. 126 at 1, *Caravalho* does not stand for the blanket proposition that so long as other, similar charges were brought alongside charges based on allegedly

4

fabricated evidence, a plaintiff can never show that the fabrication proximately caused any further liberty deprivation. In *Caravalho*, the plaintiffs were never charged, only arrested and detained before being released. *Caravalho*, 732 F. App'x at 21. Therefore, the only potential liberty deprivation in *Caravalho* was the immediate post-arrest detention. The plaintiffs had failed to provide any evidence that this detention was caused by the alleged fabrication, rather than their arrest for disorderly conduct, and so failed to show causation. *Id.* at 24. This does not mean, however, that once allegedly fabricated evidence has been forwarded to prosecutors, it cannot result in *any* further liberty deprivation when someone is also facing a separate charge. Adding an additional charge based on fabricated evidence could plainly result in a further deprivation within the meaning of *Garnett*. Most relevantly to this case, it could influence a prosecutor's "assessment[] of the strength of the case" and thus the decision to "pursue charges[.]" *Garnett*, 838 F.3d at 277. Therefore, under *Caravalho*, the simple fact that Plaintiffs were also charged under § 240.20(6) is not in and of itself sufficient to defeat a fair trial claim.

Nonetheless, *Caravalho* does indicate that in some circumstances the existence of separate charges can defeat causation. The issue therefore turns on whether Plaintiffs have put forward enough evidence to demonstrate the existence of a genuine dispute of material fact as to whether the allegedly fabricated evidence caused a further liberty deprivation. *See Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011) (if the non-moving party would bear the burden of proof at trial, they "must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact" to survive summary judgment). Defendants argue that there is "no evidence" in the record "from which it can reasonably be inferred that the addition of the PL § 240.20(5) charge affected in any way" any of the potential further liberty deprivations, including arraignments, court appearances, and delays in trial. Dkt. No. 126 at 2. Plaintiffs

5

counter that there is sufficient evidence in the record for a reasonable jury to conclude that the allegedly falsified information adversely informed the prosecutor's charging determination, given that this information was in the DA Datasheets and Accusatory Instruments that were the basis for Plaintiffs' charges under § 240.20(5). Dkt. No. 125 at 20-21; Order at 31, 36-37. Plaintiff also contend that the prosecutors' actions here are evidence that *even with* the inclusion of the § 240.20(5) charge, they doubted whether to pursue these prosecutions. *See* Dkt. No. 125 at 20-21. For example, prosecutors repeatedly offered both Weisenhaus and Shirazi adjournments in contemplation of dismissal, repeatedly answered not ready for trial, and Shirazi's case was ultimately dismissed on speedy trial grounds while Weisenhaus accepted the prosecution's fifth offer of an adjournment in contemplation of dismissal. Dkt. No. 125 at 21.

The Court agrees with Plaintiffs. Since, as noted above, the fabricated evidence need not be the sole cause of the liberty deprivation, a reasonable jury could conclude that given prosecutors' conduct, the prosecution would have dropped these charges at an earlier stage had there been only one charge instead of two. *See Evans v. City of New York*, No. 12-CV-5341 (MKB), 2015 WL 1345374, at *7 (E.D.N.Y. Mar. 25, 2015) ("At the very least, Defendants' argument that Plaintiff must show that the court appearances were a result of the charges that terminated in her favor, as opposed to the 'justified' traffic infraction charges for which she was convicted . . . implicates a question of fact that the Court may not resolve on a motion for summary judgment." (citing cases)). The Court therefore finds that Defendants have not shown that *Caravalho* warrants reconsideration of the Court's conclusion as to causation.

None of Defendants' other arguments meet the high standard on a motion for reconsideration. Defendants cite *Polanco v. City of New York* to support their argument that when there are multiple charges, a plaintiff must show that there was some separate liberty

deprivation traceable solely to the charge based on allegedly falsified evidence. No. 14-CV-7986 (NRB), 2018 WL 1804702, at *12 (S.D.N.Y. Mar. 28, 2018). Yet unlike here, in *Polanco* the sole charge based on allegedly falsified evidence was dropped while the other charges were subsequently pursued—showing that the prosecution *did* in fact continue without the fabricated evidence—and the court recognized that "under other circumstances" a further deprivation could have been shown. *Id.*; *see also Evans*, 2015 WL 1345374, at *7. While in both *Polanco* and *Evans* the charges based on allegedly fabricated evidence carried greater penalties than the untainted charges, both cases contradict Defendants' argument that the existence of separate charges is sufficient to defeat a fair trial claim. Here, the charges under § 240.20(5) doubled Plaintiffs' potential penalties and, given the evidence above, could have caused a further deprivation under *Garnett*.

Nor are Defendants correct that the Second Circuit's "corrected affidavit" approach from *Ganek* compels a different conclusion. 874 F.3d at 91. *Ganek* stands for the proposition that if a search and seizure were supported by probable cause based on a "corrected affidavit"—a version of the affidavit with the allegedly falsified evidence removed—then deprivations caused *solely* by that privileged search and seizure are not "further deprivation[s]" for the purposes of a fair trial claim. *Id.* This is inapplicable to this case, where Plaintiffs have alleged and supported that they were subject to further deprivations based on the prosecution's decision to continue pursuing charges.

For the reasons above, Defendants have failed to meet the high standard for reconsidering the Court's conclusion as to causation.

### B. Defendants Failed to Timely Raise their Materiality Argument

Defendants also contend that the allegedly fabricated evidence was not "likely to influence a jury's decision," a necessary element of a denial of a fair trial claim. Dkt. No. 124 at

7

6. As a threshold matter, Defendants did not raise this argument in their briefing on their motion for a summary judgment. Dkt. No. 96, at 14-15; Dkt. No. 109, at 8-9. Defendants offer no justification for why this argument was not raised earlier. Their attempt to raise new arguments on reconsideration is itself sufficient to warrant rejecting them. *See, e.g.*, *Liberty Media Corp. v. Vivendi Universal, S.A.*, 861 F. Supp. 2d 262, 265 (S.D.N.Y. 2012) ("A motion for reconsideration is not an 'opportunity for making new arguments that could have been previously advanced[.]'" (quoting *Associated Press v. United States Dep't of Defense*, 395 F.Supp.2d 17, 19 (S.D.N.Y.2005)). Therefore, the Court declines to reconsider its conclusion that a genuine dispute of material fact existed as to whether the allegedly fabricated evidence would be likely to influence a jury's decision.

### C. Defendants Failed to Timely Raise their Argument that Defendants Li and Louie Are Entitled to Qualified Immunity Because No Reasonable Jury Could Conclude They Knowingly Fabricated Evidence

Finally, Defendants argue that Plaintiffs have failed to proffer evidence sufficient for a reasonable jury to conclude that the Defendants knowingly fabricated evidence. Defendants point to photos and still frames from videos taken during the protests to argue that given the number of people, an officer could have reasonably believed that Plaintiffs were members of the crowds responsible for blocking vehicular and pedestrian traffic. Dkt. No. 126 at 3-8. Defendants contend that Defendants Li and Louie are therefore entitled to qualified immunity, because it was only clearly established that it is unconstitutional to *knowingly* fabricate evidence. *Id.* at 3, 6-8. This argument is raised for the first time in Defendants' reply brief and is rejected for that reason. *See, e.g.*, *United States v. Yousef*, 327 F.3d 56, 115 (2d Cir. 2003) ("We will not consider an argument raised for the first time in a reply brief."). This argument was also not raised in the Defendants' summary judgment briefing before the Court. *See* Dkt. No. 96, at 14-15; Dkt. No. 109, at 8-9. Nor were the photos and still frames in question cited in either

8

Defendants' memorandum of law or their reply brief on summary judgment, much less as evidence for their fair trial analysis. *See* Dkt. No. 96.; Dkt. No. 109. This argument is therefore also rejected for these reasons. *See, e.g.*, *Liberty Media*, 861 F. Supp. 2d at 265. Therefore, the Court denies Defendants' motion to reconsider its conclusion that a genuine dispute of material fact exists as to whether the Defendants knowingly fabricated evidence.

### III. Conclusion

For the reasons given above, the Court denies Defendants' motion for reconsideration in full. This resolves docket item 122. As this resolves the motion for reconsideration, the parties are directed to proceed pursuant to Judge Moses' August 8, 2018, order.

SO ORDERED.

Dated: March 2⎯, 2019
New York, New York

_____
ALISON J. NATHAN
United States District Judge